Harold J. BROWN, Plaintiff,

v.

**STATE OF OREGON, DEPARTMENT OF CORRECTIONS; and George H. Baldwin, Jr., Superintendent of the Eastern Oregon Correctional Institution, Defendants.**

**Civil No. 95–106–FR.**

United States District Court, D. Oregon.

May 2, 1997.

Loren W. Collins, Enfield Brown Collins & Knivila, Salem, OR, for Plaintiff.

Hardy Myers, Attorney General, William C. Tharp, Assistant Attorney General, OR, for Defendants.

## OPINION AND ORDER

FRYE, District Judge:

The plaintiff, Harold J. Brown, brings this action against the defendants, the State of Oregon, Department of Corrections and George H. Baldwin, Jr., superintendent of the Eastern Oregon Correctional Institution. Brown alleges racial discrimination in failing to promote him from correctional officer to sergeant and in creating and acquiescing in a hostile work environment. The matters before the court are the defendants' motion for protective order (# 59) and the defendants' motion to supplement pleading (# 61).

## BACKGROUND

The issue before the court is whether the plaintiff, Harold Brown, can ethically conduct informal interviews of current and former employees of the Department of Corrections of the State of Oregon. Brown's attorney has agreed to delay the interviews in order to allow the defendants to move for this protective order. He has also asked the Oregon State Bar to issue a formal opinion. The question has been submitted to the Legal Ethics Committee of the Oregon State Bar, but a formal opinion is not expected for several months. Sylvia Stevens, assistant general counsel for the Oregon State Bar, has provided an informal written opinion to be used as an interim guideline, but there is no guarantee that the Legal Ethics Committee of the Oregon State Bar will issue a formal opinion or that it will agree with Stevens' informal opinion.

Brown does not object to the defendants' motion to supplement pleading and has filed a brief in response to the arguments made by the defendants in their supplemental brief. The defendants' motion to supplement pleading is granted.

## CONTENTIONS OF THE PARTIES

As to the defendants' motion for protective order, the defendants argue that all employees currently employed by the Department of Corrections are represented within the meaning of DR 7–104. The defendants argue that the conduct of all current employees is at issue because one element of Brown's claim of a hostile work environment is whether the defendants knew of the alleged racial discrimination. The defendants also contend that *ex parte* interviews of former employees are improper if the defendants can be held liable for the conduct of those employees while they were employed. The defendants are also concerned that the proposed interviews, even if not technically unethical, should be prohibited because they give the impression of impropriety. Thus, the defendants propose that all discovery of this nature be taken by deposition. If the court does not completely prohibit the interviews, the defendants ask the court to impose conditions on Brown, including prior notice to the

defendants and requiring that each interviewee be advised of certain facts at the beginning of the interview.

Brown argues that the conduct of all current employees is not at issue in the claim of a hostile work environment because some employees merely observed the hostile work environment but did not create it or personally engage in the hostility. Brown also contends that the cost of formally deposing the witnesses, rather than informally interviewing them, is prohibitive, and that many people are more willing to answer questions in an informal setting. Brown also agrees to certain conditions to be placed on the parties at the time of the interviews.

## LEGAL STANDARDS

Fed.R.Civ.P. 26(c) provides that a court:

may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

. . . .

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; . . . .

Disciplinary Rule DR 7–104 from the Oregon Code of Professional Responsibility states:

(A) During the course of the lawyer's representation of a client, a lawyer shall not:

(1) communicate or cause another to communicate on the subject of the representation, or on directly related subjects with a person the lawyer knows to be represented by a lawyer on that subject, or on directly related subjects, unless:

(a) the lawyer has the prior consent of a lawyer representing such other person;

(b) the lawyer is authorized by law to do so; . . . .

## ANALYSIS AND RULING

Both parties have cited opinions from other jurisdictions. The relevant ethics rule in those jurisdictions is not always identical to DR 7–104. Furthermore, many of those courts had to rule without the benefit of any formal ethics opinions from their bar associations. This court has the benefit of Oregon State Bar Formal Opinion No.1991–80 which addresses the identical questions applied to a private employer rather than a public employer. In addition, the court may draw on the insights in the informal opinion of Stevens, even though this opinion is not binding on the Oregon State Bar.

Opinion No.1991–80 discusses the restrictions that DR 7–104 puts on *ex parte* interviews of current and former employees of one party conducted by counsel for the opposing party. Except for the question of whether employees who have transferred to a different government agency are current or former employees of the first agency, the parties do not advance any reason why Opinion No.1991–80 should not be applied to a public employer. The court will apply Opinion No.1991–80 and will discuss the issue of transferred employees.

### 1. *Current Employees*

In Opinion No.1991–80, the Oregon State Bar concludes that an employee who is currently part of the management of a corporation or an officer or director of a corporation is a represented party under DR 7–104, even though the employee is not individually represented by the attorney for the corporation. Consequently, the Oregon State Bar concludes that an employee who is currently part of the management of a corporation or an officer or director of a corporation cannot be contacted *ex parte* by opposing counsel. The court concludes that the prohibition in Opinion No.1991–80 applies to the facts before it and orders Brown to refrain from making *ex parte* contacts with current employees in these management positions. Brown acknowledges the application of Opinion No.1991–80 and has agreed not to make any such contacts. The related question is what people constitute corporate management, and who within the Department of Corrections are equivalent to officers and directors?

Brown suggests that employees of the Department of Corrections in the rank of

sergeant and below are not management employees. Although the parties have not provided information to fully advise the court of the job titles or ranks which are management titles or ranks, the defendants have not disputed Brown's proposal. The court adopts Brown's proposal.

■ In Opinion No.1991–80, the Oregon State Bar also concludes that current employees whose conduct is at issue are represented employees and may not be contacted *ex parte* by opposing counsel. In her informal opinion, Stevens gives an example of an employee whose conduct is at issue in a grocery store setting:

> [I]n a slip-and-fall case, not only would the grocery store officers and managers be deemed represented; so would the clerk who allegedly left the banana peel on the floor. Other employees who were merely witnesses to the incident, would not be within the scope of DR 7–104(A) and could be interviewed without consent of the corporation's counsel.

Exhibit 4 to Defendants' Motion for Protective Order, p. 2. In his failure to promote claim, Brown agrees to refrain from making *ex parte* contact with any current employee who participated in the promotion process, including any employee on the interview panel, because he agrees that the conduct of these employees is at issue. As to the hostile work environment claim, the defendants contend that the conduct of all current employees is at issue because what all of them have observed is relevant to the issue of what notice the employer had of the allegedly hostile work environment.

In a hostile work environment claim, the conduct at issue is the harassment itself. Another employee's observation of the harassment is similar to another employee's observation of the banana peel in the example given by Stevens. Both of these employees are fact witnesses to the conduct at issue. Opinion No 1991–80 prohibits *ex parte* contact with a current employee whose conduct is at issue because the opposing party might wish to hold the employer vicariously liable for the acts or omissions of the current employee. Notice to the employer is a separate issue from imputing the employee's own conduct to management for the purpose of vicarious liability. The court concludes that Brown may contact *ex parte* all non-management employees and question them concerning their observation of harassing behavior, if any, committed by other employees. Brown may not ask these employees to discuss their own harassing behavior, if any, unless Brown wishes to do so in a deposition. Brown may ask these employees if they have any personal knowledge as to what management knew about the alleged harassment. Brown should refrain from *ex parte* contact with an employee whom others have accused of harassing behavior.

The defendants ask the court to order that they be notified in advance of all people whom Brown's attorney will be contacting *ex parte*. Brown's attorney may inquire of all employees not involved in management and whose conduct is not at issue without the consent or the knowledge of the defendants.

### 2. *Former Employees*

■ Relying again on Opinion No.1991–80, the court finds that all former employees, even those whose conduct when employed at the Department of Corrections is now at issue or those who were formerly in management positions, are not represented parties within the meaning of DR 7–104 and may be contacted *ex parte* by Brown's attorney.

### 3. *Employees Now Working at a Different State Agency*

Brown questions whether an employee who formerly worked at the Department of Corrections, but is now working for another agency of the State of Oregon, should be treated as a current employee or a former employee. The defendants contend that transferred employees should be classified as former employees when analyzing these issues because, although the Attorney General's office represents all agencies of the State of Oregon, it does not do so until asked.

Agencies of the State of Oregon are treated as separate entities by the court. Conduct occurring in one agency is not imputed to another agency; knowledge of one agency is not imputed to another agency. An em-

ployee who is transferred from the Department of Corrections to another agency of the State of Oregon shall be treated as a former employee of the Department of Corrections when analyzing these issues.

### 4. *Attorney–Client Privilege*

In Opinion No.1991–80, the Oregon State Bar states that an attorney making *ex parte* contacts with either current or former employees must be extremely cautious to avoid invading the attorney-client privilege claimed by the opposing party. Brown's attorney shall abide by this restriction. In particular, he may neither ask nor permit a current or former employee to disclose privileged communications. If counsel for Brown recognizes that an interviewee is disclosing privileged communications, he shall stop the interviewee from continuing to speak and explain the restriction to that person.

### 5. *Required Disclosures*

Counsel for Brown has offered to advise all current and former employees being interviewed *ex parte* of the following information:

(1) counsel's representative capacity;

(2) counsel's reason for seeking the interview;

(3) the right of the current or former employee to refuse to be interviewed; and

(4) the right of the current or former employee to have his or her own counsel present during the *ex parte* contact.

The defendants have also asked for these disclosures, along with the advance notice which the court determined above was unnecessary. In *Carter–Herman v. City of Philadelphia*, 897 F.Supp. 899, 904 (E.D.Pa. 1995), the court required these four pieces of information to be disclosed prior to *ex parte* interviews concerning sex discrimination within a police department. This court believes that this limited disclosure is in the spirit of another ethical rule, DR 1–102(A)(3), which considers it professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." Accordingly, counsel for Brown, or counsel's agents, shall disclose these four pieces of information at the beginning of any

*ex parte* contact so that the person will be fully informed before agreeing to talk. If the person declines to be interviewed, the contact shall end.

Brown has moved to extend the discovery deadline, the deadline to file dispositive motions, and the deadline for lodging the pretrial order (# 62). The deadline for completing discovery and filing dispositive motions is extended to July 16, 1997, and the date for lodging the pretrial order is extended to August 22, 1997.

### CONCLUSION

The defendants' motion for protective order (# 59) is GRANTED in part as explained above; the defendants' motion to supplement pleading (# 61) is GRANTED; and Brown's motion to extend discovery deadline and to file dispositive motions and to extend deadline for lodging pretrial order (# 62) is GRANTED.

IT IS SO ORDERED.