**Marcia A. BELL, Plaintiff—Appellant,**

v.

**KAISER FOUNDATION HOSPITALS; et al., Defendants—Appellees.**

No. 03–35876.

D.C. No. CV–01–01856–DCA/ALH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

---

4. *Soursby v. Hawkins,* 307 Or. 79, 763 P.2d 725 (1988).

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Marcia A. Bell, Portland, OR, pro se.

Chris Kitchel, Kurt E. Barker, Stoel Rives, LLP, Portland, OR, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Marcia Bell appeals pro se from the district court's summary judgment for defendants in her actions under Title VII, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Vasquez v. County of*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Los Angeles,* 349 F.3d 634, 639 (9th Cir.2003). We affirm.

■ The district court properly granted summary judgment on Bell's claim of discrimination on the basis of race or sex because she failed to present evidence to establish a *prima facie* case of discriminatory intent behind Kaiser's failure to promote her or hire her for other positions. *See Vasquez,* 349 F.3d at 640. Even if Bell set forth a *prima facie* case, she failed to establish that Kaiser's legitimate, non-discriminatory reasons for its actions were pretextual. *See id.* at 641. Bell's failure to show pretext also undermines her Title VII and FMLA retaliation claim. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63 (9th Cir.2002).

■ Bell's contention that her discrimination and retaliation claims would survive summary judgment under a mixed motives analysis is unavailing because she did not provide sufficient direct or circumstantial evidence to show Kaiser's alleged discrimination was a motivating factor in its employment decisions. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1122 (9th Cir.2004) (explaining that employee may alternatively establish her case using a mixed motives framework).

■ The district court also properly granted summary judgment on Bell's failure to accommodate claim because she was not "disabled" as defined under the ADA. *See* 42 U.S.C. § 12102; *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 794 (9th Cir.2001).

■ The district court properly granted summary judgment on Bell's hostile work environment claim because she did not establish that she was subject to conduct that was severe enough to alter the conditions of employment. *See Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998).

■ The district court did not abuse its discretion in striking the affidavit of Kaiser employee Sonia Nunley because Bell's counsel inappropriately contacted Nunley *ex parte,* and Bell failed to timely object to the magistrate judge's order granting Kaiser's motion to strike. *See* Oregon Code of Prof'l Responsibility DR 7–104(A)(1); *Brown v. Oregon Dep't of Corr.,* 173 F.R.D. 265, 267–68 (D.Or.1997).

■ We do not consider issues Bell raises for the first time on appeal. *See Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir.1996).

Bell's remaining contentions lack merit.

**AFFIRMED.**